# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2017

Lyle W. Cayce
Clerk

————

No. 15-50759

————

DEFENSE DISTRIBUTED; SECOND AMENDMENT FOUNDATION,
INCORPORATED,

        Plaintiffs - Appellants

v.

UNITED STATES DEPARTMENT OF STATE; JOHN F. KERRY, In His
Official Capacity as the Secretary of the Department of State;
DIRECTORATE OF DEFENSE TRADE CONTROLS, Department of State
Bureau of Political Military Affairs; KENNETH B. HANDELMAN,
Individually and in His Official Capacity as the Deputy Assistant Secretary
of State for Defense Trade Controls in the Bureau of Political-Military
Affairs; C. EDWARD PEARTREE, Individually and in His Official Capacity
as the Director of the Office of Defense Trade Controls Policy Division;
SARAH J. HEIDEMA, Individually and in Her Official Capacity as the
Division Chief, Regulatory and Multilateral Affairs, Office of Defense Trade
Controls Policy; GLENN SMITH, Individually and in His Official Capacity as
the Senior Advisor, Office of Defense Trade Controls,

        Defendants - Appellees

————————————

Appeal from the United States District Court
for the Western District of Texas

————————————

ON PETITION FOR REHEARING EN BANC

(Opinion 09/20/2016, 838 F.3d 451)

Before DAVIS, JONES, and GRAVES, Circuit Judges.

The Court having been polled at the request of one of its members, and a majority of the judges who are in regular service and not disqualified not having voted in favor (Fed. R. App. P. 35 and 5th Cir. R. 35), the Petition for Rehearing En Banc is DENIED. In the en banc poll, five judges voted in favor of rehearing (Judges Jones, Smith, Clement, Owen and Elrod) and nine judges voted against rehearing (Chief Judge Stewart and Judges Jolly, Dennis, Prado, Southwick, Haynes, Graves, Higginson and Costa).


ENTERED FOR THE COURT:


/s/ W. Eugene Davis

W. EUGENE DAVIS
UNITED STATES CIRCUIT JUDGE

JENNIFER WALKER ELROD, Circuit Judge, joined by JONES, SMITH, and CLEMENT, Circuit Judges, dissenting from the denial of rehearing *en banc*.

The panel opinion's flawed preliminary injunction analysis permits perhaps the most egregious deprivation of First Amendment rights possible: a content-based prior restraint. Judge Jones's cogent panel dissent thoroughly explores the flaws in the panel opinion. I write here to highlight three errors that warrant *en banc* review. First, the panel opinion fails to review the likelihood of success on the merits—which ten of our sister circuits agree is an essential inquiry in a First Amendment preliminary injunction case. Second, the panel opinion accepts that a mere assertion of a national security interest is a sufficient justification for a prior restraint on speech. Third, the panel opinion conducts a fundamentally flawed analysis of irreparable harm. Accordingly, I respectfully dissent from the denial of *en banc* review in this case.

Prior restraints are "the most serious and least tolerable infringement on First Amendment rights." *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976). In the context of a party seeking a preliminary injunction, we have stressed the importance of determining the likelihood of success on the merits—calling it "arguably the most important factor." *Tesfamichael v. Gonzalez*, 411 F.3d 169, 176 (5th Cir. 2005). Accordingly, ten of our sister circuits have held that the likelihood of success on the merits is a crucial, indispensable inquiry in the First Amendment context. *See Sindicato Puertorriqueno de Trabajadores v. Fortuno*, 699 F.3d 1, 10 (1st Cir. 2012); *N.Y. Progress & Prot. PAC v. Walsh*, 733 F.3d 483, 488 (2d Cir. 2013); *Stilp v. Contino*, 613 F.3d 405, 409 (3d Cir. 2010); *WV Ass'n of Club Owners & Fraternal Servs. v. Musgrave*, 553 F.3d 292, 298 (4th Cir. 2009); *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 690 (6th Cir. 2014); *ACLU of Illinois v. Alvarez*,

679 F.3d 583, 589–90 (7th Cir. 2012); *Child Evangelism Fellowship of Minn. v. Minneapolis Special Sch. Dist. No. 1*, 690 F.3d 996, 1000 (8th Cir. 2012); *Verlo v. Martinez*, 820 F.3d 1113, 1126 (10th Cir. 2016); *Scott v. Roberts*, 612 F.3d 1279, 1297 (11th Cir. 2010); *Pursuing America's Greatness v. FEC*, 831 F.3d 500, 511 (D.C. Cir. 2016). Strikingly, however, the panel opinion entirely fails to address the likelihood of success on the merits, and in so doing creates a circuit split. This error alone merits rehearing *en banc*.

Moreover, the panel opinion's failure to address the likelihood of success on the merits infects its public interest analysis. A court that ignores the merits of a constitutional claim cannot meaningfully analyze the public interest, which, by definition, favors the vigorous protection of First Amendment rights. *See Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 298 (5th Cir. 2012) ("[I]njunctions protecting First Amendment freedoms are always in the public interest.") (citation omitted); *see also Gordon v. Holder*, 721 F.3d 638, 653 (D.C. Cir. 2013) ("[I]t may be assumed that the Constitution is the ultimate expression of the public interest."). The panel opinion's failure to address the likelihood of success on the merits denies Defense Distributed a meaningful review of the public interest factor.

The panel opinion's public interest analysis is also flawed because it relies on a mere assertion of a national security interest. *Defense Dist'd v. U.S. Dep't of State*, No. 15-50759, slip op. at 10 (5th Cir. 2016) (noting that the Government "*asserted* a very strong public interest in national defense and national security." (emphasis added)). Certainly there is a strong public interest in national security. But there is a paramount public interest in the exercise of constitutional rights, particularly those guaranteed by the First Amendment: "Any system of prior restraints of expression comes to this Court bearing a heavy presumption against its constitutional validity. The

Government thus carries a heavy burden of showing justification for the imposition of such a restraint." *N.Y. Times Co. v. United States*, 403 U.S. 713, 714 (1971) (citations omitted). To justify a prior restraint, we have held that the Government must show that the "expression sought to be restrained surely will result in direct, immediate, and irreparable damage." *Bernard v. Gulf Oil Co.*, 619 F.2d 459, 473 (5th Cir. 1980) (*en banc*); *see also N.Y. Times*, 403 U.S. at 730 (Stewart, J., concurring). The Supreme Court has articulated similar requirements: there must be a "requisite degree of certainty [of danger] to justify restraint," there must be no "alternative measures" available, and the restraint must "effectively . . . operate to prevent the threatened danger." *Nebraska Press*, 427 U.S. at 562, 565, 569–70. The Government contends that the gun designs at issue could potentially threaten national security. However, this speculation falls far short of the required showing under *Bernard* and *Nebraska Press*, showing neither the immediacy of the danger nor the necessity of the prior restraint. Allowing such a paltry assertion of national security interests to justify a grave deprivation of First Amendment rights treats the words "national security" as a magic spell, the mere invocation of which makes free speech instantly disappear.

The panel opinion's flawed analysis in turn infects its evaluation of irreparable harm. The panel opinion justifies the prior restraint on speech because any harm to Defense Distributed would be "temporary." But irreparable harm occurs whenever a constitutional right is deprived, even for a short period of time. *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). Even if the panel opinion's "temporary harm" theory were valid, the deprivation here has been anything but short. Instead, as Judge Jones's panel dissent notes, because of the lack of a preliminary

injunction, Defense Distributed has been effectively muzzled for over three years. *Defense Dist'd*, slip op. at 17 (Jones, J., dissenting).

We have been warned that the "word 'security' is a broad, vague generality whose contours should not be invoked to abrogate the fundamental law embodied in the First Amendment." *N.Y. Times*, 403 U.S. at 719 (Black, J., concurring). Unfortunately, that is exactly what the panel opinion has done. Accordingly, I respectfully dissent from the denial of rehearing *en banc*.